AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
PAUL SPECTOR and JOAN BURGESS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SPECTOR and JOAN BURGESS<br><br>　　　Plaintiff,<br><br><br>　　　v.<br><br><br><br>SAN FRANCISCO LODGING, LLC dba PACIFICA BEACH HOTEL<br><br><br>　　　Defendants. | CASE NO.<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>DEMAND FOR JURY TRIAL |

　　Plaintiffs PAUL SPECTOR and JOAN BURGESS complain of Defendant SAN FRANCISCO LODGING, LLC dba PACIFICA BEACH HOTEL, and allege as follows:

　　1.　　**INTRODUCTION:** Defendant forced disabled Plaintiff Spector and his companion Plaintiff Burgess to pay extra fees to stay at its hotel because Plaintiff Spector uses a service dog.  On August 18, 2023, Plaintiffs were in the Pacifica area for a vacation, and they were searching for a hotel which would accept Plaintiff Spector's service dog without charging them a fee or requiring unidentified "paperwork" for a service dog to stay in the room.  Plaintiff Spector went to the Pacifica Beach Hotel, and Defendant's employee told him that he would be

charged a $60 per night fee for his service dog. On that occasion, Plaintiffs left to try to find another accommodation which would not charge them an extra fee.

2.     On October 6, 2023, Plaintiffs returned to the Pacifica area to escape the heat in the Bay Area. Prior to leaving their home, Plaintiffs checked the Pacifica Beach Hotel website which stated that service dogs were welcome, so Plaintiffs booked a room for two nights. When Plaintiff Spector checked into the Pacifica Beach Hotel located at 525 Crespi Drive, Pacifica California, Defendant forced Plaintiffs to pay an extra $60/night so that he could be accompanied by his service dog Koko while they stayed Pacifica Beach Hotel. Despite a conversation with Defendant's employee, Defendant refused to waive the fee for Plaintiff Spector's service dog, explicitly stating on video that the fee applied to them.

3.     Plaintiffs love visiting the Pacifica area for vacations and weekend trips. The Pacifica Beach Hotel is a picturesque property and conveniently located for Plaintiffs. They intend to return to the hotel in the future but cannot do so until the policies of the hotel are made accessible to disabled individuals who use service dogs and those associated with them, including revision of its service dog policies and necessary employee training and/or re-training. Plaintiffs have brought this lawsuit to force Defendant to change its discriminatory and illegal policies and compensate them for charging them extra fees to stay at the hotel because Plaintiff Spector is a disabled person who needs the assistance of his qualified service dog, and Plaintiff Burgess is associated with him. Plaintiffs seek an injunction to protect the rights of all disabled persons and those associated with them, including Plaintiffs, when accompanied by a qualified service dog at the Pacifica Beach Hotel.

4.     **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343. This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

5.     **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6.     **INTRADISTRICT:** This case should be assigned to the San Francisco

1  intradistrict because the real property which is the subject of this action is located in this
2  intradistrict and Plaintiffs' causes of action arose in this intradistrict.

3        7.      **PARTIES:** Plaintiff Paul Spector is a professional nurse and "qualified" disabled
4  person and veteran who uses the assistance of a service dog for mobility. He is also a strong
5  proponent of the ADA and enforcing the laws regarding service dog access because he has
6  frequently been denied access to public places because of his service dog. Plaintiff was injured in
7  a very serious car accident in 2012 which left him with residual pain and weakness in his left
8  knee and arthritis, all of which cause him difficulty in walking, balancing, and standing for long
9  periods of time. Plaintiff's knee can give out while he is walking which could cause him to fall
10 down. Plaintiff relies upon his service dog, a Belgium Shephard named "Koko," to assist him
11 with certain tasks including pulling him upstairs and hills while they are walking. He also can
12 assist Plaintiff with stabilizing his balance. Koko has been trained to walk on Plaintiff's left side,
13 and when Claimant's knee begins to weaken, Koko leans his considerable weight against Plaintiff
14 and allows him to lean against Koko which provides Plaintiff with necessary stability and support
15 to take some pressure off of his weak left knee. Additionally, Koko is trained to assist Plaintiff in
16 getting down to the floor and back up when he needs to retrieve dropped objects. Koko was
17 professionally trained to be service dog. Additionally, Plaintiff continues to reinforce the training
18 with Koko daily. Plaintiff is a qualified person with a disability as defined under federal and state
19 law. 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

20       8.      Plaintiff Joan Burgess is Plaintiff Paul Spector's partner. Plaintiff Joan Burgess
21 was denied access to the Pacifica Beach Hotel, because Defendant refused to allow Plaintiff
22 Spector to be accompanied by his service dog at the hotel without charging an extra fee. Plaintiff
23 Burgess has standing for injunctive relief and damages under state law and under the Americans
24 with Disabilities Act of 1990. Per 42 U.S.C. section 12182(b)(1)(E), "It shall be discriminatory
25 to exclude or otherwise deny equal goods, services, facilities, privileges, advantages,
26 accommodations, or other opportunities to an individual or entity because of the known disability
27 of an individual with whom the individual or entity is known to have a relationship or
28 association." *Nevarez v. Forty Niners Football Co., No*. 16-CV-07013-LHK, 2017 WL 3288634,

at *5 (N.D. Cal. Aug. 1, 2017).  Plaintiff Burgess suffered an injury that is "specific, direct and separate from" that of her partner.  *Id.* at *5.  At all relevant times mentioned here, Plaintiff Burgess was with Plaintiff Spector and suffered damages due to her associative standing as her companion during the August 18, 2023, and October 6, 2023, incidents described herein.  Both have been and will be deterred by these discriminatory acts and policies of Defendant described herein until these policies are changed and Defendant is required by injunction and court order to provide and enforce nondiscriminatory policies.

       9.     Defendant SAN FRANCISCO LODGING, LLC dba PACIFICA BEACH HOTEL, are and were at all times relevant to this Complaint the owner, operator, lessor and/or lessee of the subject business located at 525 Crespi Drive, Pacifica, California, known as the Pacifica Beach Hotel.

      10.    Pacifica Beach Hotel is a place of "public accommodation" and a "business establishment" subject to the requirements *inter alia* of the categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq*.

      11.    **FACTUAL STATEMENT:**  Plaintiff Paul Spector has been working with his service dog Koko for almost two years.  Koko is a Belgium Shephard who was both professionally trained and individually trained to be a service dog.  Plaintiff has also trained and continues to train Koko to serve his specific needs throughout their relationship.  Koko is specifically trained to assist Plaintiff with mobility, including stabilizing him if his knee gives out, assisting him up hills and stairs, and assisting him in bending down to retrieve objects at floor level.

      12.    Koko is a working dog; he is not a pet.  Plaintiff and Koko have trained extensively together, and they supplement that training daily.  Plaintiff takes Koko everywhere with him in public.  It is important they stay together as much as possible because (a) Koko provides important services for Plaintiff; and (b) it is part of the training and bonding requirement that they be together constantly to maintain their bond.  With few exceptions, where Plaintiff goes, Koko goes.

13. Plaintiffs decided to take a vacation together during the third week of August. Both Plaintiffs love traveling to the Pacifica area to stay near the beach, so they decided to start their trip in Pacifica leaving open the possibility of driving down the coast towards Southern California after a few days.

14. On August 16, 2023, Plaintiff Burgess, Plaintiff Spector and Koko drove from their home in the East Bay to Pacifica. They stayed at a hotel called the Inn at Rockaway, not a part of this lawsuit, for the nights of August 16th and August 17th. However, the Inn at Rockaway charged them a nightly fee for Plaintiff Spector's service dog, so Plaintiffs decided to look for alternative accommodations in Pacifica where Plaintiff Spector's service dog Koko would be allowed to stay for free.

15. After checking out of the Inn at Rockaway on Friday, August 18, 2023, Plaintiffs started looking for other accommodations in Pacifica. Plaintiffs had breakfast at a restaurant near the Pacifica Beach Hotel, and they both thought the property looked lovely and would be a great place to continue their vacation. Plaintiff Spector went to the lobby of the Pacifica Beach Hotel to inquire about availability and rates.

16. The Pacifica Beach Hotel did have rooms available, so Plaintiff Spector asked if they charged for dogs. Defendant's employee at the lobby counter said that there was $60 fee for dogs. Plaintiff Spector then clarified that he had meant service dogs, and Defendant's employee stated that there is a $60 fee for service dogs as well. She explained that the fee applies equally to pets and service dogs. Plaintiffs were deterred from staying at the Pacifica Beach Hotel on August 18, 2023, because of the fee for service dogs charged by Defendant. Plaintiffs a near retirement age and had a budget they needed to keep for the vacation they were taking. Neither Plaintiff had accounted for extra hotel fees for Plaintiff Spector's service dog. Ultimately, Plaintiffs decided to end their vacation after only two days and returned home feeling more stressed than they had when they left home.

17. On October 6, 2023, Plaintiffs decided to take an impromptu trip to Pacifica to escape the heat in the Bay Area. Plaintiff Spector started looking online for a hotel. He saw on the Pacifica Beach Hotel website that they had rooms available, and that Defendant advertised

"Service Support Animals Welcome." Based on this assurance, and believing this meant the policy had changed, Plaintiffs reserved a room for the nights of October 6, 2023, and October 7, 2023, at the Pacifica Beach Hotel.

18. When Plaintiffs arrived at the Pacific Beach Hotel on October 6, 2023, Plaintiff Spector went into the lobby to check-in. He gave his name to Defendant's employee at the check-in, and he let her know that there would be two adults staying in the room. He also informed her that he had a service dog with him who would also be staying in the room.

19. Defendant's employee behind the lobby desk told Plaintiff Spector that he would have to pay a $60 per night fee for his dog. Plaintiff Spector reiterated that his dog is service dog, and Defendant's employee told him that the pet fee applies to service dogs too. She explained that it is a fee for cleaning and Defendant does not waive the fee for service dogs. Plaintiff Spector told her that he was surprised that Defendant would charge for service dogs. Defendant's employee told Plaintiff that the fee used to be $100 per night for any dog but was dropped to $60 per night.

20. Plaintiffs paid the $60 nightly fee for Plaintiff Spector's service dog, but they were upset by the extra charge that they had not expected to pay, and Plaintiff Spector took unbridged with the flaunting of the law.

21. Plaintiffs wish to return to the Pacifica Beach Hotel, but only *after* Defendants have implemented proper service animal policies and training of their staff. Plaintiffs are deterred from returning to the motel until these policies and training are in place.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**(42 USC §§ 12101 *et seq*.)**

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 21, above, and incorporates them herein by reference as if separately repled hereafter.

23. In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with

disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(a).

24. The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.

25. Plaintiff Spector is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990. Plaintiff Burgess is his companion and partner, and she has standing for injunctive relief and damages under state law and under the Americans with Disabilities Act of 1990 through her association with Plaintiff Spector and due to damages she personally incurred as a result of the incidents on August 18, 2023 and October 6, 2023. Per 28 CFR § 36.2015, "A public accommodation shall not exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association."

26. Pacifica Beach Hotel is a public accommodation within the meaning of Title III of the ADA. 42 U.S.C. § 12181(7)(A).

27. The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

28. Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division,

Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service-animals-2010.htm  Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

29. Defendant has a policy and practice of charging guests with service animals an extra nightly fee at the Pacifica Beach Hotel.

30. On information and belief, as of the date of Plaintiffs' most recent visits to Pacifica Beach Hotel on or about August 18, 2023, and October 6, 2023, Defendant continues to deny full and equal access to Plaintiffs and to discriminate against Plaintiffs on the basis of Plaintiff Spector's disabilities and Plaintiff Burgess' association with Plaintiff Spector, thus wrongfully denying to Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

31. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

32. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and

facility are one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "hotel, motel or other place of lodging." 42 USC § 12181(7)(A).

33. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiffs' rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

34. The removal of each of the policy barriers complained of by Plaintiffs as

hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the policy barriers complained of herein were already required under California law. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

35. On information and belief, as of the dates of Plaintiffs' encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiffs and to other disabled persons who work with service dogs and those persons associated with them, which violates Plaintiffs' right to full and equal access and which discriminates against Plaintiff Spector on the basis of his disabilities and against Plaintiff Burgess based upon her association with Plaintiff Spector, thus wrongfully denying to Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

36. Defendant's actions continue to deny Plaintiffs' rights to full and equal access by deterring Plaintiffs from patronizing the Pacifica Beach Hotel and discriminated and continue to discriminate against Plaintiff Spector on the basis of his disabilities and Plaintiff Burgess on the basis of her association with a disable person who uses a service dog, thus wrongfully denying to Plaintiffs the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

37. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiffs are entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff Spector is being subjected to discrimination on the basis of his disabilities and Plaintiff Burgess is being subjected to discrimination based on her association with disabled Plaintiff Spector in violation of sections 12182 and 12183. On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiffs and other disabled persons and those associated with them to "full and equal" access to

this public accommodation since on or before Plaintiff's encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

38.  Plaintiffs seek relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff Spector is a qualified disabled person for purposes of § 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize the Pacifica Beach Hotel, in light of Defendant's policies barriers. Plaintiff Burgess seeks similar relief as she continues to be discriminated against based upon her association with disabled Plaintiff Spector, her partner and companion.

WHEREFORE, Plaintiffs pray for relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

39.  Plaintiffs re-plead and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 38 of this Complaint and incorporates them herein as if separately re-pleaded.

40.  At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

41.  California Civil Code section 52 provides that the discrimination by Defendant

against Plaintiffs on the basis of disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

42. Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

43. Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

44. The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs, and those associated with them, within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory and compensatory to Plaintiff, according to proof.

45. **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiffs have been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiffs' rights and to enforce provisions of law protecting access for disabled persons and those associated with them and prohibiting discrimination against disabled persons and those associated with them. Plaintiffs therefore seek recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiffs' lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code

1  of Civil Procedure section 1021.5 and other applicable law.

2      46.    Plaintiffs suffered damages as above-described as a result of Defendants'
3  violations.

4      WHEREFORE, Plaintiffs pray for relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(Civil Code §§ 54 *et seq.*)**

8      47.    Plaintiffs re-plead and incorporate by reference, as if fully set forth hereafter, the
9  factual allegations contained in Paragraphs 1 through 46 of this Complaint and all paragraphs of
10  the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

11      48.    Under the California Disabled Persons Act (CDPA), people with disabilities and
12  those associated with them are entitled to the "full and free use of . . . public buildings, . . . public
13  facilities, and other public places." Civil Code § 54(a).

14      49.    Civil Code section 54.1(a)(1) further guarantees the right of "full and equal
15  access" by persons with disabilities and those associated with them to "accommodations,
16  advantages, facilities . . . hotels, lodging places of accommodation, amusement or resort, or other
17  places to which the general public is invited." Civil Code § 54.1(c) also specifies that,
18  "individuals with a disability and persons authorized to train service dogs for individuals with a
19  disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service
20  dogs in any of the places specified in subdivisions (a) and (b)."

21      50.    Civil Code section 54.2(a) specifically protects the right of "every individual with
22  a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for
23  the purpose, in any of the places specified in Section 54.1."

24      51.    Civil Code section 54.3(b) makes liable "Any person or persons, firm or
25  corporation who denies or interferes with admittance to or enjoyment of the public facilities as
26  specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a
27  disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for
28  purposes of this section, includes, but is not limited to, preventing or causing the prevention of a

guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

52. Defendant is also in violation of California Penal Code section 365.5(b) which states:

> No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

53. Pacifica Beach Hotel is a public accommodation within the meaning of the CDPA. On information and belief, Defendant is the owner, operator, lessor or lessee of the public accommodation.

54. Defendant made the decision to knowingly and willfully exclude Plaintiff, his service dog, and his companion from its public accommodation by charging them an extra fee and thereby deny Plaintiff Spector's his right of entrance into their place of business with his service dog, and Plaintiff Burgess was denied entry on the bases of her association with Plaintiff Spector. As a result of that decision Plaintiffs have faced the continuing discrimination of being essentially barred from entering this public accommodation and place of business based upon Defendant's illegal fees for Plaintiff Spector's legally protected use of his service dog. Plaintiffs have continued to suffer denial of access to these facilities, and faces the prospect of unpleasant and discriminatory treatment should they attempt to return to these facilities. Plaintiffs are unable to return to Pacifica Beach Hotel until they receive the protection of this Court's injunctive relief, and they have continued to suffer discrimination on a daily basis since August 16, 2023, all to their statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3 and California Penal Code section 365.5.

55. **INJUNCTIVE RELIEF:** Plaintiffs seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiffs and other members of the public who are disabled, who require the assistance of service animals, and those associated with them from full

and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiffs in that these actions continue to treat Plaintiffs as inferior and second-class citizens and serve to discriminate against them on the sole basis that Plaintiff Spector is a person with disabilities who requires the assistance of a service animal and Plaintiff Burgess' association with him.

56. Plaintiffs wish to return to patronize the Pacifica Beach Hotel but are deterred from returning to use these facilities, because the lack of access and the significant policy barriers will foreseeably cause them further difficulty, discomfort and embarrassment, and Plaintiffs are unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiffs cannot return to patronize the Pacifica Beach Hotel and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other disabled individuals who require the assistance of a service animal and those associated with them.

57. The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiffs if not enjoined by this Court. Plaintiffs seek injunctive relief as to Defendant's inaccessible policies. As to the Defendant that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiffs seek preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons and those associated with them, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

58. Wherefore Plaintiffs ask this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiffs in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons and those associated with them. Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws. Plaintiffs further request that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

59. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiffs have suffered a violation of their civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and have suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendant's actions and omissions to act constitute discrimination against Plaintiffs on the basis that Plaintiff Spector was and is disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons and Plaintiff Burgess' association with Plaintiff Spector.  The violations have deterred Plaintiffs from returning to attempt to patronize the Pacifica Beach Hotel and will continue to cause them damages each day these barriers to access and policy barriers continue to be present.

60. Although it is not necessary for Plaintiffs to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendant's behavior was intentional. Defendant was aware and/or was made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint.  Defendant's establishment of their discriminatory policy to deny and restrict entry to persons with service dogs, and their implementation of such a discriminatory policy against Plaintiffs, indicate actual and implied malice toward Plaintiffs and conscious disregard for Plaintiffs' rights and safety.

61. **FEES AND COSTS:** As a result of Defendant's acts, omissions, and conduct, Plaintiffs have been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiffs' rights and to enforce provisions of the law protecting access for disabled persons and those associated with them and prohibiting discrimination against disabled persons and those associated with them.  Plaintiffs therefore seek recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55.  Additionally, Plaintiffs' lawsuit is intended to require that Defendant make

its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

62. Plaintiffs suffered damages as above described as a result of Defendant's violations. Damages are ongoing based on their deterrence from returning to Pacifica Beach Hotel.

WHEREFORE, Plaintiffs pray for relief as hereinafter stated.

## **PRAYER**

Plaintiffs have no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiffs have suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiffs are granted the relief they request. Plaintiffs and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiffs Paul Spector and Joan Burgess pray for judgment and the following specific relief against Defendant:

1. An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:
    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
    b. To modify its policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiffs that Plaintiff Spector's service dog will not be excluded and they will not be charged any additional "pet fees" should they desire to enter and use the services of the Pacifica Beach Hotel;
    c. That the Court issue preliminary and permanent injunction directing Defendant as current owner, operator, lessor, and/or lessee and/or its agents of the subject

1         property and premises to modify the above described property, premises, policies

2         and related policies and practices to provide full and equal access to all persons,

3         including persons with disabilities; and issue a preliminary and permanent

4         injunction pursuant to ADA section 12188(a) and state law directing Defendant to

5         provide facilities usable by Plaintiffs and similarly situated persons with

6         disabilities and those associated with them, and which provide full and equal

7         access, as required by law, and to maintain such accessible facilities once they are

8         provided and to train Defendant's employees and agents in how to recognize

9         disabled persons and accommodate their rights and needs;

10    d. An order retaining jurisdiction of this case until Defendant has fully complied with

11         the orders of this Court, and there is a reasonable assurance that Defendant will

12         continue to comply in the future absent continuing jurisdiction;

13   2. An award to Plaintiffs of statutory, actual, general, and punitive damages in

14 amounts within the jurisdiction of the Court, all according to proof;

15   3. An award of civil penalty as against Defendant under California Penal Code §

16 365.5(c);

17   4. An award to Plaintiffs pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California

18 Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise

19 permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

20   5. An award of prejudgment interest pursuant to Civil Code § 3291;

21   6. Interest on monetary awards as permitted by law; and

22   7. Grant such other and further relief as this Court may deem just and proper.

23 Date: November 6, 2023         REIN & CLEFTON

                                    */s/ Aaron M. Clefton*
                                    By AARON M. CLEFTON, Esq.
                                    Attorneys for Plaintiffs
                                    PAUL SPECTOR and JOAN BURGESS

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: November 6, 2023                    REIN & CLEFTON

 　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Aaron M. Clefton*
 　　　　　　　　　　　　　　　　　　　　　　　　By AARON M. CLEFTON, Esq.
 　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
 　　　　　　　　　　　　　　　　　　　　　　　　PAUL SPECTOR and JOAN BURGESS